IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | ) Chapter 7 <br> ) <br> ) |
| PRECISE GRAPHIX, LLC, <br> Debtor. | ) Case No. 21-12663 PMM <br> ) <br> ) <br> ) |

**APPLICATION OF LYNN E. FELDMAN, ESQUIRE, CHAPTER 7 TRUSTEE, FOR ENTRY OF AN ORDER AUTHORIZING THE TRUSTEE TO EMPLOY THE LAW FIRM OF GERARD FOX LAW, P.C. AS SPECIAL LITIGATION COUNSEL, PURSUANT TO 11 U.S.C. §§ 327 AND 328 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014**

Lynn E. Feldman, Esquire, the chapter 7 trustee (the "Trustee") for the estate of Precise Graphix, LLC ("Precise" or the "Debtor"), pursuant to 11 U.S.C. §§ 327 and 328 and Fed. R. Bankr. P. 2014, hereby files this application (the "Application") for entry of an order, in substantially the form attached hereto as **Exhibit A**, authorizing the employment of the law firm of Gerard Fox Law, P.C. as Special Litigation Counsel ("Fox" or the "Law Firm"). In support of this Application, the Trustee submits the *Affidavit of Gerard Fox, Esquire* (the "Fox Affidavit"), a true and correct copy of which is attached hereto as **Exhibit B**. In further support of this Application, the Trustee respectfully represents as follows:

**Jurisdiction**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief sought in this Application are sections 327 and 328 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

## Procedural Background

5. On September 28, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code with the Court, commencing the instant bankruptcy case (the "Bankruptcy Case").

6. On September 29, 2021, the Trustee was appointed as Trustee for the Debtor's estate (the "Estate").

## Factual Background

7. Since her appointment, the Trustee has had several conversations with Mr. Fox regarding the existence of potential claims the Estate may have against certain third parties including, but not limited to, NBC, Camping World, Machete Productions, Marcus Lemonis, and/or ML Property, LLC, ML Manufacturing, LLC, among others (the "Potential Defendants") arising out of the Debtor's participation in the show "The Profit" prior to the commencement of the Bankruptcy Case.

8. Based upon these discussions, the Trustee believes that the Estate may have claims against the Potential Defendants. As a consequence, the Trustee seeks authority to employ Fox to investigate the Potential Claims and, if necessary, to pursue and prosecute such claims.

9. Pursuant to 11 U.S.C. § 327(e), the Trustee believes that the employment of Fox as special litigation counsel for the Trustee to investigate and research the Potential Claims, and any matters related thereto, is in the best interests of the Estate. Exercising her reasonable

DM3\8389501.2

business judgment, the Trustee has selected Fox by reason of its expertise and experience in similar litigation[1] and believes that its attorneys and, in particular, Gerard Fox is well qualified to represent her in connection with the prosecution of the Potential Claims.

10. Gerard Fox is the founder of the Law Firm. Mr. Fox graduated from Georgetown University Law School, *magna cum laude*, and received his bachelor's degree from the University of Richmond. Mr. Fox has acted as lead trial counsel for large multi-national corporate clients. Mr. Fox has also represented a wide variety of high-net worth individuals, privately owned companies and high-profile entertainers. Mr. Fox started his career at Covington & Burling, followed by Kaye, Scholer, before forming his own litigation boutique, Fox & Spillane. Mr. Fox has handled substantial matters in the following industries: music, television and motion picture, infomercial, media, video game, talent management, family wealth, trusts and estates, investment banking and security, oil and gas, sports, modeling, clothing, radio, real estate, construction, chemical products, securities, banking, restaurants, fashion, and medical device products. In 2020, Mr. Fox was named as one of the Top 100 Trial Attorneys in the country.

11. The Trustee believes that the Potential Claims may be valuable assets of the Estate and she requires legal representation to prosecute such claims.

12. The Trustee believes that the Law Firm possesses the skills to not only adequately represent the Trustee in connection with the Potential Claims, but to do so in the most cost-effective manner, especially since the Law Firm is willing to prosecute such claims entirely on a contingent fee basis.

13. Given his expertise, his substantial experience and his willingness to handle the

---

[1] Mr. Fox has represented (and continues to represent) other business owners who have appeared on this show and entered in business deals with Mr. Lemonis and his production company.

3

investigation and prosecution of the Potential Claims, the Trustee believes that her retention of Mr. Fox and the Law Firm is in the best interests of the Estate.

### RELIEF REQUESTED

14. By this Application, the Trustee seeks the entry of an Order, substantially in the form attached hereto, authorizing the Trustee to employ the Law Firm to investigate and pursue the Potential Claims.

15. As set forth herein, the Law Firm has substantial experience in commercial litigation matters.

16. The Trustee anticipates that the Law Firm, if retained, would perform the following services, as further described by the agreement attached hereto as **Exhibit C** (the "Engagement Agreement"):

   a) investigate transactions involving the matters at issue with respect to the Potential Claims;

   b) investigate any and all Potential Claims, including, without limitation, determining the identity of the parties who may be liable to the estates and pursuing and prosecuting any or all of the Potential Claims which, after consultation with the Trustee, the Trustee believes, in her reasonable business judgment, should be pursued under state and/or federal law; and

   c) provide any and all legal services to the Trustee which may be necessary or desirable with respect to the Potential Claims, including, without limitation, negotiating any potential settlements of such claims.

17. Subject to the approval of this Court, the Trustee proposes to compensate the Law Firm as provided in the Engagement Agreement.

18. The Engagement Agreement shall be dispositive as to compensation of Fox but, by way of illustrative summary only, the Trustee, subject to Court approval, proposes to pay the Law Firm as follows: a 35% contingent fee for any recovery obtained by or on behalf of the

DM3\8389501.2

Estate in connection with the Potential Claims, whether recovered by settlement, judgment, award, verdict or otherwise, plus costs and expenses incurred by the Law Firm to the extent these costs and expenses are ultimately approved by this Court.

19. Fox customarily charge clients for actual and necessary costs of support services the firms provide in connection with their representation of a client, including, without limitation, photocopying charges, messengers, courier mail, secretarial and administrative overtime, temporary services, travel, lodging, and catering for meetings. Some of these services are provided by Fox, in which case the charges are set by Fox, and others are provided by third party service providers, in which case the charges are set by these providers. The Law Firm will charge the cost of these expenses in a manner and at rates consistent with charges generally made to the firms' other clients.

20. All such charges for which Fox seeks reimbursement will be subject to this Court's approval.

21. Prior to the commencement of the Bankruptcy Case, the Law Firm represented Keith Lyden (the Debtor's principal) and a related entity, MKD Real Estate LLC in a similar matter. However, as set forth more fully on the Fox Affidavit, while employed by the Trustee, the Law Firm will not represent any person having an adverse interest in connection with these cases, including without limitation, Mr. Lyden and/or MKD Real Estate LLC.

22. The Trustee believes that the employment of Fox is necessary and is in the best interests of the Estate, enabling the Trustee to carry out her fiduciary duties owed to creditors under the Bankruptcy Code and to maximize the value of the Potential Claims for the benefit of the Estate.

DM3\8389501.2

Document    Page 6 of 6

## Notice

23.  The Trustee will serve copies of this Application on: (a) the Debtor; (b) the Office of the United States Trustee; and (c) all other parties requesting notice pursuant to Bankruptcy Rule 2002.

WHEREFORE, the Trustee respectfully requests that this Court enter an order, substantially in the form attached hereto: (i) authorizing the employment of Fox, as special litigation counsel to the Trustee pursuant to §§ 327 and 328 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure; and (ii) granting such other and further relief as this Court deems appropriate.

Dated: February 3, 2022

DUANE MORRIS LLP

/s/ Lawrence J. Kotler
Lawrence J. Kotler, Esq. (PA I.D. 56029)
30 South 17th Street
Philadelphia, PA 19103
Telephone:   (215) 979-1514
Facsimile:   (215) 979-2010
Email: ljkotler@duanemorris.com

*Counsel to Lynn E. Feldman, Esquire,
Chapter 7 Trustee for the Debtor's Estate*

DM3\8389501.2